ORIGINAL.

Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950
Tel.:   (670) 235-3872
Fax:   (670) 235-3873

Attorney for Plaintiff

**F I L E D**
Clerk
District Court

**JUN 1 7 2008**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

CRISTINA R. TAGLE,               )      Civil Action No. 08 – 0029
                                 )
            Plaintiff,           )
                                 )
            -v-                   )      **COMPLAINT**
                                 )
CONCORDE GARMENT                 )
MANUFACTURING and L&T            )
INTERNATIONAL CORPORATION,       )
                                 )
            Defendants.          )
_____)

## I
## NATURE OF THE ACTION

1.     This is an action against Defendants Concorde Garment Manufacturing and L&T International Corporation under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e., *et seq.*, as amended, for their unlawful and discriminatory employment practices towards Plaintiff in violation of Plaintiff's federally-protected rights.

2.     Plaintiff complains about employment discrimination based on national origin, pregnancy (sex) and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures

in firing, layoffs, compensation, and job assignments because of national origin; (b) termination because of pregnancy; and (c) differential treatment on overtime work assignments.

3.    Plaintiff is seeking declaratory relief, punitive, expectation, incidental, and consequential damages, costs, and attorney's fees to redress Defendants' unlawful and discriminatory employment policies, practices, and/or procedures.

## II
## JURISDICTION AND VENUE

4.    Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, ("Title VII") applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

5.    This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction) and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

6.    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

7.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because the unlawful employment practices and other wrongful acts alleged herein were committed in Saipan, Commonwealth of the Northern Mariana Islands.

## III
## PROCEDURAL REQUIREMENTS

8.     On or about December 15, 2005, Plaintiff filed charges of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands. The charges were filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful employment practices alleged herein pursuant to 42 U.S.C. § 2000e.5(e)(1).

9.     On March 5, 2008, the EEOC issued Plaintiff a Notice of Right to Sue (Conciliation Failure). Plaintiff is filing this complaint within ninety (90) days after the date she received the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1). Attached hereto as **Exhibit "1"** and incorporated by reference is a copy of the Notice of Right to Sue.

10.    Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff had exhausted her administrative remedies as required by law.

## IV
## PARTIES

11.    Plaintiff **CRISTINA R. TAGLE** is a female individual and citizen of the Republic of the Philippines who resides in Saipan, Commonwealth of the Northern Mariana Islands (CNMI). Plaintiff, at all relevant times, was an employee of Defendants Concorde Garment Manufacturing and L&T International Corporation, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(f).

12.    Defendant **CONCORDE GARMENT MANUFACTURING** (Concorde), on information and belief, is, and all relevant times, was a corporation

1  organized and existing under the laws of the CNMI having its principal place of

2  business on Saipan, CNMI and was an employer of Plaintiff within the meaning of

3  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(b).

4      13.    Defendant **L&T INTERNATIONAL CORPORATION** (L&T), on

5  information and belief, is, and all relevant times, was a corporation organized and

6  existing under the laws of the CNMI having its principal place of business on Saipan,

7  CNMI and was an employer of Plaintiff within the meaning of Title VII of the Civil

8  Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(b).

9      14.    Defendants Concorde and L&T are and, at all relevant times, were

10  engaged in an industry affecting commerce, and each employed more than 15

11  employees.

12     15.    Plaintiff is informed and believes, and thereon alleges that Defendants

13  Concorde and L&T (collectively referred to herein as "Defendants") are, and at all

14  relevant times were, Plaintiff's joint employers by virtue of a joint enterprise. Plaintiff

15  had performed services for each and every Defendant, and to the mutual benefit of

16  both Defendants, and Defendants shared control of Plaintiff as employee, either

17  directly or indirectly, and in the manner in which Defendants' businesses are

18  conducted.

19     16.    Plaintiff is also informed and believes, and thereupon alleges, that there

20  exists such a unity of interest and ownership between Defendants that the

21  individuality between them has ceased to exist.  The business affairs of each

22  Defendant are, and at all relevant times hereto, were so mixed and intermingled that

23  the same cannot reasonably be segregated, and the same are in extricable confusion.

24     17.    Plaintiff is further informed and believes, and thereupon alleges, that

25  Defendant Concorde is, and at all relevant times hereto, was used by Defendant L&T

as a mere shell and conduit for the conduct of its affairs. The recognition of the separate existence of each Defendant would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendant Concorde constitutes the alter ego of Defendant L&T, and the fiction of their separate existence must be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff.

# V
# STATEMENT OF FACTS

18.    Plaintiff is a female foreign national worker (aka "nonresident worker" or "foreign national worker") from the Republic of the Philippines.

19.    Plaintiff was employed by Defendants as a sample maker beginning sometime in December 2004, and remained so employed pursuant to written employment contracts approved by the CNMI Department of Labor (DOL) until her employment was terminated on December 27, 2005 due to non-renewal of contract.

## Pregnancy Discrimination

20.    During her employment with Defendants, Plaintiff became pregnant and Defendants, through Plaintiff's Chinese supervisor named "Wang Ning", were made aware of or reasonably became aware of the fact of Plaintiff's pregnancy.

21.    Sometime in November 2005, "Wang Ning" asked Plaintiff if the latter was pregnant to which Plaintiff answered affirmatively.

22.    A few days after Plaintiff's conversation with "Wang Ning", Plaintiff was called to Defendant's human resources office by a certain "Baby," a human resources officer, who told Plaintiff that management would not be renewing Plaintiff's employment contract that was then due to expire on December 27, 2005.

23.    When Plaintiff asked "Baby" why Plaintiff's contract was not being renewed despite her good work performance, "Baby" told Plaintiff "maybe it is because you are pregnant" and at the same time advised Plaintiff to look for another job elsewhere.

24.    Plaintiff believes that she was terminated from work because of her pregnancy (sex).

### Termination - National Origin Discrimination

25.    At all relevant times, Plaintiff performed her job in an exemplary manner and is not aware of any work performance issue that could have formed the basis of the non-renewal of her contract.

26.    Defendants offered no reason for not renewing Plaintiff. Any proffered reason of reduction in force would also be pretextual because after Plaintiff's discharge, Defendants hired additional Chinese workers and continued to renew other Chinese workers.

27.    Plaintiffs believe that she was discharged because of her national origin, in addition to her pregnancy and her complaining about disparate treatment on overtime assignments.

### Differential treatment on overtime work assignments – National Origin Discrimination

28.    During her employment with Defendants, there were available overtime work assignments at Defendants' garment factory.

29.    While other, Chinese workers were given substantial overtime work assignments, Plaintiff and, on information and belief, other Filipino workers, were deprived of overtime assignments.

30.    Plaintiff complained to "Wang Ning," Plaintiff's Chinese supervisor, about the disparate treatment on overtime work assignments, but the latter ignored (or failed or refused to act upon) Plaintiff's complaints.

31.    The supervisor simply reasoned to Plaintiff that Chinese workers need more overtime work because "they have lots of debts."

32.    Plaintiff reasonably inferred from her supervisor's refusal and indifference to her complaints about disparate treatment on overtime assignments that Plaintiff would be disciplined or adversely treated if Plaintiff insisted on her request for equal and fair treatment.

33.    The differential treatment between Chinese and Filipino workers, like Plaintiff, in terms of, *inter alia*, overtime assignments was so pervasive and occurred as a pattern and practice throughout Plaintiff's entire period of employment with Defendants.

34.    Defendants unjustifiably reduced Plaintiff's work hours by depriving her of available overtime hours, thereby substantially reducing Plaintiff's earnings in comparison with Chinese workers.

## VI
## CAUSES OF ACTION

### First Cause of Action
Pregnancy (Sex) Discrimination

35.    Paragraphs 1 through 34 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

36.    Defendants' discharging of Plaintiff because of her pregnancy (sex) constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(1)(2), in relation to 42 U.S.C. § 2000e.(k).

37. Defendants' unlawful and discriminatory practices because of sex deprived Plaintiff of equal employment opportunities or otherwise adversely affected her status as an employee.

38. As a direct and proximate result of Defendants' decision to terminate Plaintiff's employment, Plaintiff had suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have earned.

39. Defendants engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## Second Cause of Action
### Disparate Treatment on Termination/National Origin Discrimination

40. Paragraphs 1 through 34 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

41. Defendants' termination of Plaintiff's employment discriminates against her because of her national origin.

42. Defendants' termination of Plaintiff constitutes an unlawful employment practice in violation of 42 U.S.C. Section 2000e-2(a)(1).

43. Defendants engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights, thereby entitling Plaintiff to expectation, incidental, consequential, and punitive damages, in an amount to be determined at trial.

### Third Cause of Action
National Origin Discrimination –
Disparate Treatment on Overtime Work Assignments

44.     Paragraphs 1 through 34 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

45.     The acts alleged above, including Defendants' failure and refusal to give Plaintiff equal entitlement to available overtime work assignments while giving substantial overtime work to Chinese workers constitute an unlawful employment practice in violation of 42 U.S.C. Section 2000e-2(a)(1)(2).

46.     Defendants' employment practices as alleged above deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her national origin.

47.     Defendants engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to compensatory and punitive damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

(1)     An award of punitive damages and lost earnings according to law and proof under the First Cause of Action;

(2)     An award of expectation, incidental, consequential, and punitive damages according to law and proof under the Second Cause of Action;

(3)     An award of compensatory and punitive damages according to law and proof under the Third Cause of Action;

(4)      An award of reasonable attorney's fees and costs; and

(5)      Such other and further relief as this Court deems just and proper.

DATED this 16th day of June 2008.

STEPHEN C. WOODRUFF
Attorney for Plaintiff

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| | |
|---|---|
| To:  **Cristina Tagle**<br>**P.O. Box 506236**<br>**Saipan, MP 96950** | From:  **Honolulu Local Office**<br>**300 Ala Moana Blvd**<br>**Room 7-127**<br>**Honolulu, HI 96850** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-2006-00104 | **James S. Yao,**<br>**Investigator** | **(808) 541-3118** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____
Timothy A. Riera,
**Director**

3/5/08
*(Date Mailed)*

cc:  **Concorde Garment Manufacturing**
**c/o Colin Thompon, Esq.**
**Attorney at Law**
**PMB 917, Box 10001**
**Saipan, MP 96950**

"Exhibit I"